Date signed November 16, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:                                    :
                                          :
PAMELA R. STEVENSON         :        Case No. 07-12326PM
                                          :        Chapter 7
           Debtor                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

Before the court is the Trustee's Motion to Compel the Debtor to submit to examination, as required by Section 343 of the Bankruptcy Code, at a continued Meeting of Creditors held pursuant to Section 341 of the Bankruptcy Code. The essence of the dispute is not so much whether or not the Debtor submits to examination, but whether she may refuse to answer specific questions asked by the Trustee or other interested parties. The matter came before the court for hearing on November 13, 2007. Although the hearing was scheduled by notice issued October 16, 2007, Debtor's counsel belatedly raised the issue of a postponement based upon a conflict on the part of Robert Bonsib, Esquire, who is engaged in a 4-week criminal trial. During the initial Meeting of Creditors held September 5, 2007, Mr. Bonsib was present and stated that he had been retained to advise the Debtor with respect to privileged communications but not to enter his appearance in the bankruptcy case. The request to postpone the hearing was denied..

The Trustee argues that the Debtor waived her privilege against self-incrimination by the filing of her Schedules in that she did not assert the privilege in her Schedules. The Trustee also argues that the Debtor's privilege claim was overly broad. At the conclusion of the hearing, the court stated that it would review the transcript of the Meeting of Creditors and rule on the specific questions and responses. In making this ruling, the court notes that in a civil proceeding

a fact-finder is entitled to draw adverse inferences from a defendant's invocation of the privilege against self-incrimination.  "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them; the Amendment does not preclude the inference where the privilege is claimed by a party to a civil cause."  *Baxter v. Palmigino*, 425 U.S. 308, 319 (1976); *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 178 (CA4 2002); *Burrell v. Virginia*, 395 F.3d 508, 515 (CA4 2005).

The court finds first that there was no waiver of the constitutional privilege by the failure of the Debtor to claim the privilege in her Schedules or by filing the completed Schedules.  In the first place, waiver of constitutional rights is not lightly to be inferred.  *Emspak v. U.S.*, 349 U.S. 190, 196 (1955).  Specifically, the Court has decided that the privilege is not waived by a debtor either by filing schedules or orally answering certain questions.  *McCarthy v. Arndstein*, 262 U.S. 355 (1923); *on re-argument*, 266 U.S. 34, 40 (1924); In re Hulon, 92 B. R. 670, 673 (BC N.D. Tex. 1988).

While there are numerous opinions regarding assertion of the privilege against self-incrimination, such as, *U.S. v. Wujkowski*, 929 F.2d 981 (CA4 1981); *U.S. v. Stone*, 976 F.2d 909 (CA4 1992), in the bankruptcy context, the court finds the opinion of the case of *In re Brandenburg,* 2007 WL 117391 (BC E.D. Tenn. 2007), especially instructive.  As to many questions, the court finds that for the most part it cannot, by the use of reasoned inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution.  *See generally*, *Donovan v. Fitzsimmons  (In re Morganroth)*, 718 F.2d 161, 167 (CA6 1983).  Although, of course, follow-up questions might very easily cross the line.  Among questions in this category are: "Are you in business for yourself or have you been in the past year?"  "Do you own any real property?"  "Do you own any motor vehicles?"  "Do you have any claims against anyone?"  "Does anyone owe you money or do you have a right to file a lawsuit against anyone?"  "Were you affiliated with Wellness and Management Company, Inc.?"  "Did you start or found Wellness and Management Company, Inc.?"  "Does Wellness and Management Company, Inc. have any books or records pertaining to the contract that it had with the Government of the District of Columbia?"  "Are you currently working?"  Undoubtedly, upon a follow-up examination, the Debtor will invoke her privilege against self-incrimination.  Debtor is advised that the objections should be made with specificity.

The existing record does not lend itself to a decision any more detailed than what is set

forth herein.

cc:
John D. Burns, Esq., 6303 Ivy Lane, Suite 102, Greenbelt, MD 20770
Cheryl E. Rose, Esq., 50 W. Edmonston Drive, Suite 600, Rockville, MD 20852
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**